PER CURIAM:
Claimant brought this action to recover for damages to her 2002 Honda Accord which occurred as she was driving on Ingleside Road in Princeton, Mercer County, and her vehicle struck a hole in the surface of the road at the location of a manhole cover. Respondent maintains this road which is known as County Route 27 for maintenance purposes. The Court is of the opinion to make an award in this claim for the reasons set forth herein below.
On August 3, 2002, claimant was driving her automobile on Ingleside Road in Princeton at around 1:00 p.m. Ingleside Road is a two-lane road which claimant does not travel on a regular basis. That summer there had been a paving project and the contractor left the manhole covers at the original pavement level and paved around the manhole covers leaving an area lower than the new pavement. As claimant was traveling in her lane at about twenty-five miles per hour in the midst of traffic, her automobile suddenly went into a depression in the road created at the location of a manhole cover that was lower that the pavement level. She testified that she was unable to avoid this area due to traffic and the fact that it was in the travel area for her automobile. She proceeded to her home where she parked her automobile. The next day, she noticed her automobile vibrating when she was driving it and she discovered that the right front wheel was bent. She stated that she is certain that the damage occurred when her automobile struck the hole created by the depression in the pavement at the manhole cover which had not been raised to the new pavement level. Claimant submitted photographs in her claim which depict the roadway and illustrate that the difference in the road level and the manhole cover. Claimant estimated the difference in the level of the pavement to the manhole cover as being approximately *276 four inches. Claimant spent $238.50 for a new wheel and this amount represents the damages in her claim.
Melvin Blankenship, respondent’s crew leader supervisorin Mercer County, testified that he is familiar with County Route 27 which is locally known as Ingleside Road. He explained to the Court that there had been a paving project performed by an independent contractor on County Route 27 where claimant had her accident. The project took place in May 2002 and it was the responsibility of the utility company which owned the manhole cover to raise it to the same level as the new pavement. He had no explanation for why die paving took place in early May 2002 yet the manhole cover had not been raised as of August 3, 2002, the date of claimant’s accident. He testified that there would have been an inspector present for respondent during the paving project, but the normal procedure is to leave the manhole covers for the utility to raise to the level of the new pavement. Respondent’s employees do not take any measures to make sure that the utility raises the manhole covers. Any depressed areas remain in the road. He stated that he may have been over this area County Route 27, but he did not notice the depth of the difference in the road level and the hole created by the lower manhole cover.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
A review of the facts in this claim establishes that respondent had constructive, if not actual, notice of the fact that the manhole cover which is the subject matter in this claim was left by the paving contractor at a level much lower than the new pavement level. This condition created a hazard for the claimant as she had no warning to avoid driving over the depression in the road created by the lower manhole cover. The Court finds that respondent was negligent in its failure at least to warn the traveling public of the condition of that particular manhole and that this negligence was the proximate cause of the damages to claimant’s automobile; therefore, the Court will make an award in this claim.
Accordingly, the Court is of the opinion to and does make an award in the amount of $238.50 to claimant for the damages to her automobile.
Award of $238.50.